**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**JOHN DOE and MARY DOE, individually and**
**on behalf of JANE DOE, an Infant, as Next**
**Friends,**

                                        **Plaintiffs,**

                        **v.**                                                    **5:06-CV-121**
                                                                                   **(FJS/DEP)**

**MARGARET SMITH, Individually and in her**
**official capacity as a Probation Officer;**
**BARBARA SCHULER, Individually and in her**
**official capacity as Director, Oswego County**
**Probation Department; OSWEGO COUNTY**
**PROBATION DEPARTMENT; and LORI**
**JO MURPHY,**

                                        **Defendants.**

_____

**APPEARANCES**                                    **OF COUNSEL**

**LEGAL SERVICES OF CENTRAL**              **DENNIS A. KAUFMAN, ESQ.**
**NEW YORK, INC.**
472 South Salina Street, Suite 300
Syracuse, New York 13202
Attorneys for Plaintiffs

**OFFICE OF THE COUNTY ATTORNEY**         **RICHARD C. MITCHELL, ESQ.**
**COUNTY OF OSWEGO**
46 East Bridge Street
Oswego, New York 13126-2137
Attorneys for Defendants Smith, Schuler, and
Oswego County Probation Department

**SMITH, SOVIK, KENDRICK & SUGNET, P.C.**   **KAREN M. RICHARDS, ESQ.**
250 South Clinton Street, Suite 600
Syracuse, New York 13202-1252
Attorneys for Defendant Lori Jo Murphy

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is Plaintiffs' motion for a preliminary injunction by which they seek to enjoin Defendants from (1) taking any action that would force Plaintiff John Doe to leave his home during the term of his probation, (2) taking any action which would prevent or harass Plaintiff John Doe from seeking or initiating treatment with a qualified psychologist or therapist other than Defendant Murphy, and (3) taking any action which would prohibit Plaintiff John Doe from attending church services or any action that would initiate or result in a violation of Plaintiff John Doe's sentence of probation as a result of attending church services.[1]

### II. BACKGROUND

Plaintiffs commenced this action, pursuant to 42 U.S.C. § 1983, claiming that Defendants' actions had violated their rights under the United States Constitution.  Specifically, in their first cause of action, Plaintiffs alleged that, "[b]y imposing conditions of probation that force the Plaintiff John Doe to leave his home and his natural daughter, the Defendants have denied Plaintiffs their fundamental rights under the Fourteenth Amendment of the U.S. Constitution." *See* Complaint at ¶ 48.  In their second cause of action, Plaintiffs asserted that, "[b]y interpreting the written conditions of probation placed on Plaintiff John Doe in a manner which mandates the Plaintiff John Doe to leave his home and his natural daughter, the Defendants have denied

---

[1] At the conclusion of the hearing and at the insistence of the Court, Defendants agreed to allow Plaintiff John Doe to attend church services of his choice, when and where he chose, as long as he notified them in advance as to the time and the location of those services. Accordingly, this aspect of Plaintiffs' motion to enjoin Defendants is moot.

Plaintiffs their fundamental rights [that is, "the right to privacy, which includes the right to make intimate decisions of a personal nature, including the right to have children and to live together with your children"] under the Fourteenth Amendment of the U.S. Constitution." *See id.* at ¶ 52. Finally, in their third cause of action, Plaintiffs alleged that, "[b]y prohibiting the Plaintiff John Doe from attending church services, Defendants have denied the Plaintiff his right to freely exercise his religion." *See id.* at ¶ 55.

On February 7, 2006, the Court heard oral argument in support of, and in opposition to, Plaintiffs' motion for a preliminary injunction. The Court also heard the testimony of five witnesses: Plaintiff John Doe, his mother, Defendant Smith, Defendant Schuler, and Defendant Murphy. At the close of the testimony, the Court instructed Defendants to submit additional papers relating to the issues raised during the hearing and informed the parties that it would reserve decision on Plaintiffs' motion until it had received and considered those submissions.[2,3]

### III. DISCUSSION

A.     **Preliminary injunction standard**

"A district court may enter a *prohibitory* preliminary injunction staying 'government action taken in the public interest pursuant to a statutory or regulatory scheme' only when the moving party has demonstrated that (1) absent injunctive relief, he will suffer 'irreparable injury,'

---

[2] Defendants have submitted the requested documents, which the Court has considered in reaching its decision.

[3] At the conclusion of the hearing, Defendants informed the Court that they had decided to take no action regarding the removal of Plaintiff John Doe from his home pending the Court's decision on Plaintiffs' motion for a preliminary injunction and that they planned to assign a new probation officer to Plaintiff John Doe in place of Defendant Smith.

and (2) there is 'a likelihood that he will succeed on the merits of his claim.'" *Mastrovincenzo v. City of N.Y.*, No. 04-2264-CV, slip op. at 15 (quoting *Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989)).[4]

### 1.    *Irreparable harm*

It is well-established that an "'alleged violation of a constitutional right triggers a finding of irreparable injury.'" *Conn. Dep't of Envtl. Prot. v. Occupational Safety & Health Admin.*, 356 F.3d 226, 231 (2d Cir. 2004) (quoting *Conn. Dep't of Envtl. Prot.*, 138 F. Supp. 2d at 291 (citing *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996))).  In the present case, Plaintiffs allege that Defendants have violated their right to privacy under the Fourteenth Amendment to the United States Constitution and Plaintiff John Doe's right to exercise his religion under the First Amendment to the United States Constitution.  Therefore, the Court finds that Plaintiffs have established the irreparable-harm prong of the preliminary injunction test.

---

[4] The Court notes that, although the granting of this motion would provide Plaintiffs with, in effect, all of the relief that they seek, the injunction could be undone if Defendants were to prevail on the merits at trial and, thus, this is not a case in which Plaintiffs must meet the heightened "substantial likelihood" standard in order to obtain the requested injunction. *See Mastrovincenzo*, slip op. at 17 (quoting *Tom Doherty Assocs.*, 60 F.3d at 34-35) (other citation omitted).  To explain, Plaintiffs are seeking to enjoin Defendants from, among other things, forcing him to comply with two of the conditions of his probation.  If the Court were to enjoin Defendants from enforcing those conditions and, subsequently, Defendants prevailed on the merits of Plaintiffs' claims, Defendants could, at that time, enforce those conditions of Plaintiff John Doe's probation.

### 2. Likelihood of success on the merits

The real issue in this case is whether Plaintiffs can establish that they are likely to succeed on their claim that enforcement of the challenged conditions[5] of Plaintiff John Doe's probation would violate their constitutional rights.

Plaintiffs rely upon *Tremper v. Ulster County Dep't of Probation*, 160 F. Supp. 2d 352 (N.D.N.Y. 2001), to support their contention that the challenged conditions of probation violate their constitutional rights. In *Tremper*, the probationer had "pled guilty to fourth degree criminal possession of a weapon, a .45 caliber Ruger handgun." *Id.* at 355. As a special condition of her probation, the Probation Department recommended that the probationer have "'[n]o contact with [her boyfriend] with the exception of matters pertaining to their mutual child and/or the exchange of the child at visitation.'" *Id.* at n. 1 (quotation omitted). Similar to Plaintiffs in this case, the plaintiffs in *Tremper* argued that the challenged condition of probation "violate[d] [their] right to participate in the care, custody and management of their natural child, their right to live together as a family, and the right of their child to live together with her natural parents." *Id.* at 356. To the contrary, the defendants asserted that this condition was permissible under New York Penal Law § 65.10(2) because it was "reasonably related to the punitive and rehabilitative goals of probation . . . ." *See id.*

The plaintiffs moved for a preliminary injunction to enjoin the defendants from enforcing

---

[5] Specifically, Plaintiffs challenge two conditions of Plaintiff John Doe's probation: (1) Condition 16, which provides that Plaintiff John Doe may "not reside in nor frequent any residence where persons under 17 years of age reside without permission of [his] Probation Officer and the knowledge of [his] treatment provider[,]" and (2) Condition 17, which provides that Plaintiff John Doe may "not interact with any child under 17 years of age unless an adult is present who is aware of [his] history of sexual behavior and has been approved as able to protect the child by [his] Probation Officer." *See* Order and Conditions of Probation at ¶¶ 16-17.

the challenged condition.  The court began its analysis of whether the plaintiffs had established a likelihood of success on the merits of their claims by noting that the challenged condition "interfere[d] with plaintiffs' family living arrangements thus burdening a fundamental right." *Id.* at 357 (citing *Lying v. Castillo*, 477 U.S. 635, 639, 106 S. Ct. 2727, 2729, 91 L. Ed. 2d 527 (1986)).  The court further explained that the Supreme Court had recognized "that the interest of parents 'in the companionship, care, custody, and management of' their children is 'cognizable and substantial,' even where the parents are not married." *Id.* (quoting *Stanley v. Illinois*, 405 U.S. 645, 651-52, 92 S. Ct. 1208, 1212-13, 31 L. Ed. 2d 551 (1972)) (other citations omitted). Thus, the court concluded that "[a] heightened level of scrutiny must . . . be applied . . . [and that, although] [t]here is no doubt that the state has a legitimate interest in promoting the rehabilitation of probationers . . . something more than a reasonable relationship to rehabilitation must be shown to justify such a complete impediment to plaintiffs' fundamental right to family life." *Id.* at 357-58 (internal citations and other citation omitted).

To support their position that the challenged condition was permissible, the defendants proposed two ways in which the condition was related to the probationer's rehabilitation: (1) the beginning of the probationer's criminal conduct coincided with her involvement with her boyfriend and (2) because probationer's boyfriend had a lengthy criminal record, probationer's association with him would necessarily lead to criminality on her part and prevent her rehabilitation.  *See id.* at 358.  The court rejected these proposals, finding that "the mere fact of [the probationer's boyfriend's] criminal history . . . [was] insufficient to justify impeding a constitutional right." *Id.* at 358.  The court also noted that at oral argument the defendants' attorney had acknowledged that there was nothing to indicate that the probationer's boyfriend

exercised any undue influence over the probationer. *See id.*

Although the relationship between the crime for which the probationer was convicted and the challenged condition of probation in *Tremper* is arguably more attenuated than the relationship between the crime for which Plaintiff John Doe was convicted and the challenged conditions of his probation, the fact remains that in both cases the challenged conditions directly affect the same fundamental right, i.e., Plaintiffs' family living arrangements. Thus, in order to be constitutionally valid, the rehabilitative and punitive purposes of the challenged conditions must outweigh Plaintiffs' liberty interest in living together as a family.

In the present case, there is no dispute that Plaintiff John Doe is currently serving a six-year term of probation for his October 2003 conviction on charges of Sexual Misconduct, a Class A Misdemeanor under § 130.20 of New York Penal Law, and Endangering the Welfare of a Child, a Class A Misdemeanor under § 260.10 of New York Penal Law, *see* Complaint at ¶ 5, that he is classified as a Level 3 sex offender, that he suffers from a number of physical and developmental disabilities and that he was sexually abused as a child, *see* Affirmation of Dennis A. Kaufman, dated January 30, 2006 ("Kaufman Aff."), at ¶¶ 4-5. However, there is nothing in the record to indicate that any of his arrests or convictions for sexual misconduct or endangering the welfare of a child involved a child who was even close to the age of his infant daughter, who is eleven-months old. Nor have Defendants presented any evidence to indicate that Plaintiff John Doe is a pedophile, that he has ever engaged in inappropriate conduct with very young children, or that he is likely to engage in such conduct in the future. Therefore, in light of the lack of any evidence to indicate that there is a rational basis for the challenged conditions as they apply to Plaintiff John Doe's relationship to his eleven-month old daughter and the rehabilitative and/or

punitive purposes of his probation, the Court concludes that Plaintiffs have established a likelihood of success on the merits of their claims.[6]  Accordingly, the Court grants Plaintiffs' motion for a preliminary injunction.

### IV. CONCLUSION

Accordingly, after carefully reviewing the file in this matter, the parties' submissions and oral arguments, the testimony of witnesses, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiffs' motion for a preliminary injunction is **GRANTED**; and the Court further

**ORDERS** that, during the pendency of this action, Defendants are enjoined from (1) enforcing Condition 16 of Plaintiff John Doe's sentence of probation insofar as that enforcement would prohibit Plaintiff John Doe from residing in the same home with his infant daughter during the term of his probation, (2) enforcing Condition 17 of Plaintiff John Doe's sentence of probation insofar as that enforcement would prohibit Plaintiff John Doe from interacting with his infant daughter outside the presence of another adult who is aware of his history of sexual behavior and has been approved as able to protect his infant daughter, (3) enforcing Condition 17 of Plaintiff John Doe's sentence of probation insofar as that enforcement would prohibit Plaintiff John Doe from attending church services when and where he chooses as long as he notifies Defendants in advance as to the time and location of such services; and (4) taking any action that

---

[6] Although the Court has limited its discussion to Plaintiffs' Fourteenth Amendment claims, the same analysis and result apply with equal, if not more, force to Plaintiffs' other constitutional claims.

would prohibit Plaintiff John Doe from seeking or initiating treatment with a qualified

psychologist or therapist other than Defendant Murphy as long as that psychologist or therapist

receives prior approval of and signs a contract with the County of Oswego for the treatment of

Plaintiff John Doe; and the Court further

      **ORDERS** that, because there is no possibility that Defendants will incur any costs or

damages as a result of the imposition of this preliminary injunction, Plaintiffs are not required to

post a bond under Rule 65(c) of the Federal Rules of Civil Procedure.


**IT IS SO ORDERED.**


Dated: February 16, 2006
      Syracuse, New York


Frederick J. Scullin, Jr.
Chief United States District Court Judge